# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FOX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00146-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING<br><br>FIVE-DAY DEADLINE |

On February 2, 2019, a complaint was filed in this action along with an application to proceed in forma pauperis. (ECF No. 1.) The complaint was filed by Brittany L. Kenna on behalf of Laura Fox.

Standing derives "[f]rom Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation[.]" Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125 (2014); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006) ("the case-or-controversy limitation is crucial in maintaining the 'tripartite allocation of power' set forth in the Constitution"); Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). To have standing to bring suit, a "plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a

favorable judicial decision." Lexmark Int'l, Inc., 572 U.S. at 125; accord DaimlerChrysler Corp., 547 U.S. at 342. The party asserting federal jurisdiction bears the burden of establishing standing under Article III. DaimlerChrysler Corp., 547 U.S. at 342; Lujan, 504 U.S. at 561.

Standing raises both constitutional and prudential concerns incident to the federal court's exercise of jurisdiction. Coalition of Clergy, Lawyers, and Professionals v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). A prudential principle of standing is that normally a plaintiff must assert his own legal rights rather than those of third parties. Oregon v. Legal Services Corp., 552 F.3d 965, 971 (9th Cir. 2009); Fleck and Associates, Inc. v. Phoenix, 471 F.3d 1100, 1104 (9th Cir. 2006.) A plaintiff does not have standing to assert the constitutional rights of third parties. Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001).

In this instance, the complaint is devoid of any information as to why Laura Fox is unable to proceed in this action on her own behalf, and it does not appear that Brittany Keena has standing to bring this action on her behalf.

While there are circumstances in which a third party will be granted standing to bring an action on behalf of another who is unable to bring the action on their own behalf, such as where the person is a minor or incompetent, there is nothing in the record here to indicate that Laura Fox is unable to bring this action.

Accordingly, IT IS HEREBY ORDERED that within five (5) days of the date of entry of this order, Plaintiff shall show cause in writing why this action should not be dismissed for lack of standing. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **February 5, 2019**

UNITED STATES MAGISTRATE JUDGE