# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FOX,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-00146-SAB<br><br>ORDER REQUIRING JOSEPHINE MARY GERRARD TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 9)<br><br>FIVE DAY DEADLINE |

This action was filed on February 2, 2019, against the Commissioner of Social Security challenging the denial of benefits. (ECF No. 1.) On February 5, 2019, an order issued requiring Plaintiff to show cause why this action should not be dismissed for lack of standing. (ECF No. 4.) A response to the order to show cause was filed on February 7, 2019. (ECF No. 5.) On February 11, 2019, an order issued discharging an order to show cause and requiring Plaintiff to file an amended complaint in this action within five days. (ECF No. 6.) Plaintiff did not file an amended complaint in compliance with the February 11, 2019 order.

On February 21, 2019, an order issued requiring Plaintiff to show cause why monetary sanctions should not issue for the failure to file an amended complaint in compliance with the February 11, 2019 order. (ECF No. 7.) On that same date, Plaintiff filed a response which was entered on the docket as "Motion to Amend." (ECF No. 8.) Plaintiff's response included a

1

statement that she did not realize she needed to file an amended complaint and the amended compliant was incorporated. (Id.)

On February 22, 2019, an order issued discharging the order to show cause and requiring Plaintiff to file an amended complaint by February 25, 2019 using the correct docket entry. (ECF No. 9.) In the order counsel was admonished "that more care should be demonstrated in reading orders issued by the Court." (Id. at 1.) Based on counsel's failure to file an amended complaint in compliance with the February 22, 2019 order it would appear that this is the second order which the Court has issued and counsel has failed to read.

This matter was filed on February 2, 2019, and this is the third order to show cause that has issued due to counsel's failure to use care in prosecuting this action. Initially, the complaint that was filed did not correctly set forth the facts of this action. The complaint indicated that the claimant in the administrative proceeding was disabled and was living in Bakersfield. The complaint was being filed by a third party on her behalf and was filed challenging the denial of benefits.

In response to the order to show cause, Plaintiff stated that claimant was deceased and this action was being brought by her daughter who was her surviving child. Further, the response indicated that she may be challenging an underpayment of benefits rather than a denial of benefits. In the order discharging the February 5, 2019 order to show cause, the Court found that Plaintiff's complaint was insufficient to place Defendant on notice of the claims raised in the action. Accordingly, Plaintiff was ordered to file an amended complaint correcting the deficiencies identified within five days.

In response to the February 21, 2019 order to show cause, Plaintiff stated that she misunderstood the Court's order and it would not happen again. (ECF No. 8.) However, again Plaintiff has failed to comply with the Court's order which required her to file the amended complaint using the correct docket entry by February 25, 2019.

The Court notes that this action has been active for less than a month and has required an inordinate amount of the Court's time. This is the third order to show cause that has been required due to counsel's apparent lack of care in prosecuting this action.

1  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
2 Rules or with any order of the Court may be grounds for imposition by the Court of any and all
3 sanctions . . . within the inherent power of the Court."  The Court has the inherent power to
4 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
5 including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir.
6 2000).

7  The Court finds that a monetary sanction of one hundred dollars ($100.00) should be
8 imposed against Josephine Gerrard to compel compliance with this Court's orders.  Further, any
9 future failures to comply with this Court's orders will result in a sanction of one hundred dollars
10 ($100.00) per day until compliance is obtained or the matter is dismissed as a sanction.

11  Based on the foregoing, IT IS HEREBY ORDERED that:

12  1. Within **five (5) days** from the date of service of this order an amended complaint
13     shall be filed in this action using the correct docket entry;

14  2. Josephine M. Gerrard shall show cause in writing within **five (5) days** why
15     monetary sanctions should not issue for the failure to comply with the February
16     21, 2019 order; and

17  3. If an amended complaint and a response to the order to show cause are not filed in
18     compliance with this order, the court will recommend that this action be
19     dismissed as a sanction for the failure to comply.

IT IS SO ORDERED.

Dated:  **February 27, 2019**

UNITED STATES MAGISTRATE JUDGE

3