# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FOX,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:19-cv-00146-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING JOSEPHINE MARY GERRARD TO PAY SANCTION OF $100.00<br><br>(ECF Nos. 11, 12)<br><br>DEADLINE: MARCH 15, 2019 |

Plaintiff Lara Fox filed this action on February 2, 2019, challenging the final decision of the Commissioner of Social Security. (ECF No. 1.) On February 5, 2019, an order issued requiring Plaintiff to show cause why this action should not be dismissed for lack of standing. (ECF No. 4.) Plaintiff filed a response to the order to show cause on February 7, 2019. (ECF No. 5.) On February 11, 2019, an order issued discharging an order to show cause and requiring Plaintiff to file an amended complaint in this action within five days. (ECF No. 6.) Plaintiff did not file an amended complaint in compliance with the February 11, 2019 order. On February 21, 2019, an order issued requiring Plaintiff to show cause why monetary sanctions should not issue for the failure to file an amended complaint in compliance with the February 11, 2019 order. (ECF No. 7.) On that same date, Plaintiff filed a response which was entered on the docket as "Motion to Amend." (ECF No. 8.) Plaintiff's response included a statement that she did not realize she needed to file an amended complaint and the amended compliant was incorporated.

1

1 (Id.)

2  On February 22, 2019, an order issued discharging the order to show cause and requiring
3 Plaintiff to file an amended complaint by February 25, 2019 using the correct docket entry.
4 (ECF No. 9.) In the order counsel was admonished "that more care should be demonstrated in
5 reading orders issued by the Court." (Id. at 1.)

6  On February 27, 2019, a third order to show cause issued in this matter requiring Plaintiff
7 to show cause why monetary sanctions should not issue for the failure to file the amended
8 complaint in compliance with the February 22, 2019 order. (ECF No. 10.) Based on counsel's
9 failure to file an amended complaint in compliance with the February 22, 2019 order and the
10 previous noncompliance, the Court found that it would appear that this is the second order which
11 the Court has issued and counsel has failed to read. (Id. at 2.)

12  On February 28, 2019, Plaintiff filed a first amended complaint and a response to the
13 order to show cause. (ECF Nos. 11, 12.) Plaintiff contends that she has promptly responded to
14 each order to show cause, however the issue is that the court has been required to issue an order
15 to show cause because no response was filed in response to an order. The Court does not order
16 something to be done without a reason. Where a party has been ordered to do something, the
17 Court should not be required to issue an order to show cause to compel counsel's response.
18 Counsel is required to respond to each order of the Court in the first instance.

19  Counsel states that her staff misunderstood the order to refer to the amended complaint,
20 however, the Court finds that the order was clear. Plaintiff filed the first amended complaint
21 using the wrong docket entry and was required to file the document using the correct entry. As
22 the Court admonished in the February 22, 2019 order, counsel must demonstrate more care when
23 reading orders issued by the Court. (ECF No. 9 at 1.)

24  The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is
25 to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To
26 effectuate this purpose the rules provide for sanctions against parties that fail to comply with
27 court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed.
28 R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue

any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the court's orders, the court may issue sanctions for every day the defendant fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."). The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a).

In this instance, the Court has been required to issue three orders to show cause in less than a month, two of which were due to counsel's failure to comply with a court order. While counsel contends that she has promptly responded to the orders to show cause, it is clear that counsel has not read the orders issued with sufficient care to determine what response has been required. The Court cannot be expected to issue an order to show cause each time counsel's compliance in this action is required. Therefore, the Court finds that a monetary sanction of $100.00 shall be imposed to compel counsel to comply with the orders issued in this action. Additionally, any further instances of failure to comply will result in the issuance of a sanction of

$100.00 per day until counsel's compliance is obtained.

Accordingly, IT IS HEREBY ORDERED that Josephine Mary Gerrard shall pay the Clerk of the Court $100.00 on or before March 15, 2019. Failure to comply with this order will result in the issuance of sanctions in the amount of $100.00 per day until counsel's compliance is obtained.

IT IS SO ORDERED.

Dated: __**March 4, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE